UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62046-CV-GAYLES
(CASE NO. 19-60038-CR-GAYLES)
MAGISTRATE JUDGE REID

MAURICE ALFONSO JOHNSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's filing, titled "Writ of Habeas Corpus," which has been construed as Movant's attempt to file a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 ("Motion"). [ECF 1]. [1] In his Motion, Movant alleges violations of his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment due process rights under the United States Constitution. [*Id*. pp. 2-3]. However, the Motion was filed before Movant was convicted and sentenced. *See* [*Id*]. Accordingly, for the reasons set forth below, the Court RECOMMENDS that

---

[1] Citations to [ECF] refer to docket entries in the instant case, Case No. 19-62046-CV-GAYLES. Citations to [CR ECF] refer to docket entries in the underlying criminal case, Case No. 19-60038-CR-GAYLES.

1

Movant's motion be DISMISSED as premature.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. [ECF 2].

## II. Background

On June 26, 2019, Movant was adjudicated guilty of being a felon in possession of a firearm and ammunition, following a guilty plea. *United States of America v. Maurice Alfonso Johnson*, Case No. 19-60038-CR-GAYLES, Judgment [CR ECF 32, p. 1] (S.D. Fla. June 26, 2019). Before the judgment was entered, on June 24, 2019, Movant signed and filed the instant Motion. [ECF 1, p. 4].[2]

## III. Discussion

1) § 2255 Motion: Time to File

"In general, a § 2255 motion will be a federal prisoner's 'primary method of collateral attack' on his conviction and sentence after that conviction has become final." *Santivanez v. Warden, FCC Coleman-USP II*, 416 F. App'x 833, 834 (11th Cir. 2011) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

---

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). Absent contrary evidence, courts "[a]ssume that a prisoner delivered a filing to prison authorities on the date he signed it." *Id.*

Accordingly, "[§] 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete, such that the statutory language suggests that pursuit of habeas relief should follow pursuit of direct-appeal relief." *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009); *see also Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) ("[A] collateral attack is generally inappropriate if the possibility of further direct review remains open . . . .").

Similarly, because "§ 2255 allows 'a prisoner in custody under sentence of a court' to challenge [their] sentence, . . . the statutory language itself assumes that the movant has already been sentenced." *Casaran-Rivas*, 311 F. App'x at 273 (citation omitted) (holding that the district court should have dismissed movant's § 2255 motion as premature where movant submitted a § 2255 motion prior to sentencing). "Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief." *Id.* (citing 28 U.S.C. § 2255(a),(f)). Based upon the Eleventh Circuit's decision in *Casaran-Rivas* where the Court considered this provision, this court has no authority to determine Movant's § 2255 claim because it was filed before his judgment became final.

Here, Movant's conviction became final on July 10, 2019, after the fourteen-day period for filing a notice of direct appeal expired. [CR ECF 32]. *See* Fed. R. App. P. 4(b)(1)(A). Movant filed the instant Motion on June 24, 2019. [ECF 1]. The

instant Motion is premature, and the Court recommends that the Motion be dismissed.

2) Statute of Limitations

Should Movant decide to pursue collateral relief, the next § 2255 motion submitted by Movant shall not be second or successive. *See Casaran-Rivas*, 311 F. App'x at 274. However, Movant is cautioned that his claims should be filed within the limitations period outlined in 28 U.S.C. § 2255(f).

### III. Conclusion

Based on the above, it is **RECOMMENDED** that:

1. Movant's Motion to Vacate [ECF 1], pursuant to 28 U.S.C. § 2255 be **DISMISSED**, **WITHOUT PREJUDICE**, except as to any application of the federal statute of limitations or other procedural defenses which may apply;

2. that no certificate of appealability issue in this case; and,

3. the case **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 20th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Maurice Alfonso Johnson
19728-104
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
PRO SE

United States of America
represented by Noticing 2255 U.S. Attorney
Email: usafls-2255@usdoj.gov

Robert Juman
US Attorney's Office
500 E. Broward Blvd.
7th Floor
Fort Lauderdale, FL 33394
Email: robert.juman@usdoj.gov